# EXHIBIT "A"

PJR NO. _____          SUPERIOR COURT

**KEYSTONE AUTOMOTIVE**          NEW HAVEN HOUSING SESSION
**INDUSTRIES, INC.**

**VS**

**AMERICAN GENERAL LIFE**
**INSURANCE COMPANY**          MAY 2̲2̲ , 2009

## APPLICATION FOR PREJUDGMENT REMEDY

The undersigned represents:

1.   That Keystone Automotive Industries, Inc. is about to commence an action against American General Life Insurance Company pursuant to the attached proposed, unsigned writ, summons, complaint.

2.   That there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims or set-offs, will be rendered in the matter in favor of the applicant and that to secure the judgment the applicant seeks an order from this court directing that the following prejudgment remedy be granted to secure the amount of $230,000:

To attach real property of the defendant described in the proposed order for attachment included as a part of this application, up to the amount of $230,000:

The plaintiff

by _____
Paul A Sobel
Green and Gross, P. C.

PJR NO. _____          SUPERIOR COURT

**KEYSTONE AUTOMOTIVE**             NEW HAVEN HOUSING SESSION
**INDUSTRIES, INC.**

**VS**

**AMERICAN GENERAL LIFE**
**INSURANCE COMPANY**            MAY __22__ , 2009

## A F F I D A V I T

The undersigned, being duly sworn, does depose and say:

1. I am over the age of eighteen years and believe in the obligation of an oath.

2. My name is Donald Brunetti.

3. I am Keystone Automotive Industries, Inc.'s general manager for its facility at 65-145 Furniture Row, Milford, Connecticut and am familiar with the facts stated in the attached unsigned complaint, which, to the best of my knowledge, are true and accurate.

4. I believe the reasonable cost of repairing the floor at Keystone's leased premises is in excess of $227,976, based on the following:

   (a) The interior of the leased premises is laid out with rows of storage racks, aisles between the racks, and circulation areas at the front and rear of the racks;

   (b) I obtained a proposal for a scope of work and price for floor repair from a concrete construction contractor as of April 2009;

   (c) The price for the work is $227,976;

(d) The $227,976 only covers replacement of floor area over which the forklift and order picking equipment operate except for aisles that have already been fully replaced and some other sections of flooring that have already been replaced or repaired; and

(e) The price does not include replacement of the flooring under the storage racks or other areas where the forklift and order picking equipment do not operate but which sections of flooring nevertheless suffer from the same condition as the balance of the floor.

5. I believe the foregoing facts are sufficient to show that, taking into account any known defenses, counterclaims or set-offs, there is probable cause that a judgment will be rendered in favor of Keystone Automotive Industries, Inc. in an amount equal or greater than $230,000, which is the amount of the prejudgment remedy sought.

_____
Donald Brunetti

Subscribed and sworn to before me this 22nd day of May, 2009, at Milford, Connecticut.

_____
Paul A. Sobel
Commissioner of the Superior Court /
~~Notary Public~~

**SUMMONS - CIVIL**
JD-CV-1 Rev. 9-08
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

See page 2 for instructions

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| | |
|---|---|
| ☐ | "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500. |
| ☒ | "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more. |
| ☐ | "X" if claiming other relief in addition to or in lieu of money or damages. |

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| 121 Elm Street, New Haven, CT 06510 | **( 203 ) 789-7937** | Month | Day | **2009** Year |

| ☐ Judicial District | G.A. | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☒ Housing Session | Number: | **New Haven** | Major: **C** | Minor: **90** |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Green and Gross, P.C., 1087 Broad Street, Bridgeport, CT 06604 | 405882 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| **( 203 ) 335-5141** | |

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|---|
| **First Plaintiff** | Name: | **Keystone Automotive Industries, Inc.** | P-01 |
| | Address: | **120 N. LaSalle Street, Suite 3300, Chicago, IL 60602** | |
| **Additional Plaintiff** | Name: | | P-02 |
| | Address: | | |
| **First Defendant** | Name: | **American General Life Insurance Company** | D-50 |
| | Address: | **c/o Insurance Commissioner, State of Connecticut Insurance Department, 153 Market St., Hartford, CT 06103** | |
| **Additional Defendant** | Name: | | D-51 |
| | Address: | | |
| **Additional Defendant** | Name: | | D-52 |
| | Address: | | |
| **Additional Defendant** | Name: | | D-53 |
| | Address: | | |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left | Date signed |
|---|---|---|---|
| | | **Paul A. Sobel** | |

| If this Summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | | File Date |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | | |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | | Date |
|---|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250 | | |
|---|---|---|
| Patricia B. Kay, 1087 Broad Street, Bridgeport, CT 06604 | | |

| Signed *(Official taking recognizance; "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

*1. Type or print legibly; sign summons.*

*2. Prepare or photocopy a summons for each defendant.*

*3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.*

*4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.*

*5. The party recognized to pay costs must appear personally before the authority taking the recognizance.*

*6. Do not use this form for the following actions:*

| | |
|---|---|
| *(a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).* | *(d) Probate appeals.* |
| | *(e) Administrative appeals.* |
| | *(f) Proceedings pertaining to arbitration.* |
| *(b) Summary process actions.* | *(g) Any actions or proceedings in which an attachment,* |
| *(c) Applications for change of name.* | *garnishment or replevy is sought.* |

## Case Type Codes

| Major Description | Codes Major/ Minor | Minor Description | Major Description | Codes Major/ Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Torts (Other than Vehicular) | T 02 | Defec ive Premises – Private - Snow or Ice |
| | C 10 | Construction - State and Local | | T 03 | Defec ive Premises – Private - O her |
| | C 20 | Insurance Policy | | T 11 | Defec ive Premises – Public - Snow or Ice |
| | C 30 | Specific Performance | | T 12 | Defec ive Premises – Public - Other |
| | C 40 | Collections | | T 20 | Products Liability – Other than Vehicular |
| | C 90 | All other | | T 28 | Malpractice - Medical |
| | | | | T 29 | Malpractice - Legal |
| Eminent Domain | E 00 | State Highway Condemnation | | T 30 | Malpractice - All other |
| | E 10 | Redevelopment Condemna ion | | T 40 | Assault and Battery |
| | E 20 | Other State or Municipal Agencies | | T 50 | Defamation |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 61 | Animals - Dog |
| | E 90 | All other | | T 69 | Animals - Other |
| | | | | T 70 | False Arrest |
| Miscellaneous | M 00 | Injunction | | T 71 | Fire Damage |
| | M 10 | Receivership | | T 90 | All other |
| | M 20 | Mandamus | | | |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | Vehicular Torts | V 01 | Motor Vehicles* – Driver and/or Passenger(s) vs. Driver(s) |
| | M 40 | Arbitration | | V 04 | Motor Vehicles* – Pedestrian vs. Driver |
| | M 50 | Declaratory Judgment | | V 05 | Motor Vehicles* - Property Damage only |
| | M 63 | Bar Discipline | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 66 | Bar Discipline - Reinstatement | | V 09 | Motor Vehicle* - All other |
| | M 68 | Bar Discipline - Inactive Status | | V 10 | Boats |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | V 20 | Airplanes |
| | M 82 | Housing Civil Matters | | V 30 | Railroads |
| | M 83 | Small Claims Transfer to Regular Docket | | V 40 | Snowmobiles |
| | M 84 | Foreign Protective Order | | V 90 | All other |
| | M 90 | All other | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Property | P 00 | Foreclosure | | | |
| | P 10 | Partition | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien | | W 90 | All other |
| | P 30 | Drug Asset Forfeiture - C.G.S. 54-36h | | | |
| | P 90 | All other | | | |

PJR NO. _____         SUPERIOR COURT

**KEYSTONE AUTOMOTIVE**              NEW HAVEN HOUSING SESSION
**INDUSTRIES, INC.**

**VS**

**AMERICAN GENERAL LIFE**
**INSURANCE COMPANY**              MAY _____ , 2009

## COMPLAINT

    1.  At all relevant times mentioned herein, the plaintiff, Keystone Automotive Industries, Inc., has been a tenant of the defendant, American General Life Insurance Company, under a written lease dated May 19, 2006.

    2.  The leased premises is known as bays 9, 10 and 11 in a building having an address of 65-145 Furniture Row, Milford, Connecticut.

    3.  As of the inception of the lease, the leased premises was an existing warehouse facility, and the plaintiff's use of the leased premises continues to be as a warehouse facility.

    4.  The leased premises includes a multitude of loading docks and doors and high ceilings to accommodate tall storage racks.

    5.  In its operation of unloading and loading trucks and moving goods throughout its facility, the plaintiff utilizes motorized forklifts and order pickers.

    6.  Once the plaintiff began using the leased premises, the concrete floor began cracking under the weight of the plaintiff's forklift and order picking equipment.

    7.  After the floor began cracking, the floor system, including the base underneath the concrete, was discovered to be defective and in need of repair or replacement.

8.   Under paragraph 8.01 of the lease, the defendant, as landlord, is responsible to maintain all structural components of the building in good repair, including the floor system, and is responsible to repair or replace the defective floor system at its cost and expense.

9.   Upon being notified that the floor was cracking, the defendant initially agreed with the plaintiff that the plaintiff would hire a contractor to repair what were believed to be isolated sections of flooring that were failing and the defendant would reimburse the plaintiff for the repair costs.

10.   As more and more areas of the floor began to fail, the defendant commissioned an engineering firm to determine the cause of the failures.

11.   Once the engineering firm commissioned by the defendant determined that a very large expanse of the floor system was defective and in need of replacement, the defendant refused to be responsible for further repair or replacement.

12.   After the defendant notified the plaintiff of its refusal, the plaintiff gave written notice to the defendant of default of its obligation to repair the floor by letter dated February 16, 2009, as provided under paragraph 13.05 of the lease.

13.   After the floor began cracking, the plaintiff notified the defendant that the failing condition of the floor and its failure to repair it were causing damage to the plaintiff's forklift and order picking equipment, yet the defendant continued to refuse to be responsible for repair or replacement of the floor.

14.   The plaintiff incurred damages as a result of the defendant's refusal and failure to repair the floor, including, without limitation:

(a) The cost of repair or replacement of the floor system;

(b) Damage to the plaintiff's forklift equipment; and/or

(c) Diminution in value of the plaintiff's leasehold interest.

15. Paragraph 16.02 of the lease provides that the defendant is responsible for the plaintiff's costs of enforcement in this action, including reasonable attorney's fees.

The plaintiff

by _____

Paul A. Sobel
Green and Gross, P.C.

PJR NO. _____          SUPERIOR COURT

**KEYSTONE AUTOMOTIVE**          **NEW HAVEN HOUSING SESSION**
**INDUSTRIES, INC.**

**VS**

**AMERICAN GENERAL LIFE**
**INSURANCE COMPANY**          **MAY _____ , 2009**

### DEMAND FOR RELIEF

WHEREFORE, the plaintiff claims:

1.   Damages;

2.   Attorney's fees;

3.   Interest;

4.   Costs; and

5.   Such other legal or equitable relief as may be available.

The amount, legal interest or property in demand is in excess of $15,000, exclusive of interest and costs.

The plaintiff

by_____
      Paul A. Sobel
      Green and Gross, P.C.

**NOTICE OF APPLICATION FOR PREJUDGMENT REMEDY/CLAIM FOR HEARING TO CONTEST APPLICATION OR CLAIM EXEMPTION**

JD-CV-53 Rev. 7-01
C.G.S. §§ 52-278c et seq.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

INSTRUCTIONS TO PLAINTIFF/APPLICANT

| | COURT USE ONLY |
|---|---|
| CLPJRA Application For PJR | CLPJRHG Contest PJR Application (If Section III Completed) |

1. Complete section I in connection with all prejudgment remedies EXCEPT ex parte prejudgment remedies and submit to the Clerk along with your application and other required documents.
2. Upon receipt of signed order for hearing from clerk, serve this form on defendant(s) with other required documents.

## SECTION I - CASE INFORMATION (To be completed by Plaintiff/Applicant)

| Judicial District ☐ | Housing Session ☒ | G.A. No. ___ | COURT ADDRESS 121 Elm Street, New Haven, CT 06510 |
|---|---|---|---|

Has a temporary restraining order been requested?   ☐ YES   ☒ NO

**AMOUNT, LEGAL INTEREST, OR PROPERTY IN DEMAND, EXCLUSIVE OF INTEREST AND COSTS IS ("X" one of the following)**

NAME OF CASE (First-named plaintiff vs. First-named defendant)

**Keystone Automotive Industries, Inc. vs. American General Life Insurance Company**

☐ SEE ATTACHED FORM JD-CV-67 FOR CONTINUATION OF PARTIES

☐ LESS THAN $2500
☐ $2500 THROUGH $14,999.99
☒ $15,000 OR MORE
("X" if applicable)
☐ CLAIMING OTHER RELIEF IN ADDITION TO OR IN LIEU OF MONEY DAMAGES

| CASE TYPE (From Judicial Branch code list) MAJOR: **C**   MINOR: **90** | NO. COUNTS **1** |
|---|---|

NAME AND ADDRESS OF PLAINTIFF/APPLICANT (Person making application for Prejudgment Remedy) (No., street, town and zip code)

**Keystone Automotive Industries, Inc., 120 N. LaSalle Street, Suite 3300, Chicago, IL 60602**

NAME(S), ADDRESS(ES) AND TELEPHONE NO(S). OF DEFENDANT(S) AGAINST WHOM PREJUDGMENT REMEDY IS SOUGHT (No., street, town and zip code) (Attach additional sheet if necessary)   **American General Life Insurance Company (see attached for address)**

NAME AND ADDRESS OF ANY THIRD PERSON HOLDING PROPERTY OF DEFENDANT WHO IS TO BE MADE A GARNISHEE BY PROCESS PREVENTING DISSIPATION

| FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF: | NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code) **Green and Gross, P.C., 1087 Broad Street, Bridgeport, CT 06604** | | |
|---|---|---|---|
| | TELEPHONE NO. **(203) 335-5141** | JURIS NO. (If atty. or law firm) **405882** | SIGNED | DATE SIGNED |

## SECTION II - NOTICE TO DEFENDANT

You have rights specified in the Connecticut General Statutes, including Chapter 903a, that you may wish to exercise concerning this application for a prejudgment remedy. These rights include the right to a hearing:

(1) to object to the proposed prejudgment remedy because you have a defense to or set-off against the action or a counterclaim against the plaintiff or because the amount sought in the application for the prejudgment remedy is unreasonably high or because payment of any judgment that may be rendered against you is covered by any insurance that may be available to you;

(2) to request that the plaintiff post a bond in accordance with section 52-278d of the General Statutes to secure you against any damages that may result from the prejudgment remedy;

(3) to request that you be allowed to substitute a bond for the prejudgment remedy sought; and

(4) to show that the property sought to be subjected to the prejudgment remedy is exempt from such a prejudgment remedy.

You may request a hearing to contest the application for a prejudgment remedy, assert any exemption or make a request concerning the posting or substitution of a bond in connection with the prejudgment remedy. **The hearing may be requested by any proper motion or by completing section III below and returning this form to the superior court at the Court Address listed above.**

You have a right to appear and be heard at the hearing on the application to be held at the above court location on:

| DATE 6/25/09 | TIME 2:00 P M. | COURTROOM D, 3rd floor |
|---|---|---|

## SECTION III - DEFENDANT'S CLAIM AND REQUEST FOR HEARING (To be completed by Defendant)

I, the defendant named below, request a hearing to contest the application for prejudgment remedy, claim an exemption or request the posting or substitution of a bond. I claim: ("X" the appropriate boxes)

☐ that the amount sought in the application for prejudgment remedy is unreasonably high.

☐ a defense, counterclaim, set-off, or exemption.

☐ that any judgment that may be rendered is adequately secured by insurance.

☐ that I be allowed to substitute a bond for the prejudgment remedy.

☐ that the plaintiff be required to post a bond to secure me against any damages that may result from the prejudgment remedy.

I certify that a copy of the above claim was mailed/delivered to the Plaintiff or the Plaintiff's attorney on the Date Mailed/Delivered shown below.

| DATE COPY(IES) MA LED/DELIVERED | SIGNED (Defendant) | DATE SIGNED |
|---|---|---|

| TYPE OR PRINT NAME AND ADDRESS OF DEFENDANT | DOCKET NO. **PJR CV** |
|---|---|

| NAME OF EACH PARTY SERVED* | ADDRESS AT WHICH SERVICE WAS MADE* |
|---|---|

*If necessary, attach additional sheet with names of each party served and the address at which service was made.

Attachment to Form JD-CV-53
Keystone Automotive Industries, Inc. vs. American General Life Insurance Company

Address of Defendant:

American General Life Insurance Company
c/o Insurance Commissioner, State of Connecticut
153 Market Street
Hartford, CT  06103
phone - (860) 297-3802

PJR NO. _____                SUPERIOR COURT

KEYSTONE AUTOMOTIVE              NEW HAVEN HOUSING SESSION
INDUSTRIES, INC.

VS

AMERICAN GENERAL LIFE
INSURANCE COMPANY                 MAY _____ , 2009

## ORDER FOR HEARING

The foregoing above application having been presented to the court, it is hereby ordered that

a hearing be held thereon on ___June 25___ , 2009, at __2:00__ *p.m.*, at the Superior

Court, New Haven Housing Session, 121 Elm Street, New Haven, Connecticut, and that the plaintiff

give notice to the defendant in accordance with section 52-278c of the general statutes of the

pendency of the application and of the time when it will be heard by causing a true and attested

copy of the application, the proposed unsigned writ, summons, complaint, the proposed order of

attachment, the affidavit and this order, together with such notice as is required under subsection (e)

of section 52-278c, to be served upon the defendant by some proper officer *or indifferent person* on

or before ___June 18___ , 2009 and that due return of such service be made to this

court.

*Suzanne Colasanto*

Clerk of the Court

Date: __5/26/09__

PJR NO. _____

KEYSTONE AUTOMOTIVE
INDUSTRIES, INC.

VS

AMERICAN GENERAL LIFE
INSURANCE COMPANY

SUPERIOR COURT

NEW HAVEN HOUSING SESSION


_____ _____, 2009

## ORDER FOR PREJUDGMENT REMEDY

Whereas, the applicant, Keystone Automotive Industries, Inc., has made application for a

prejudgment remedy against the respondent, American General Life Insurance Company; and

Whereas, after due hearing, it is found that there is probable cause that a judgment will be

rendered in Keystone Automotive Industry's favor in the amount of $ _____ or a

greater amount, taking into account any defenses, counterclaims or setoffs and that the

application should be granted;

Now, therefore, it is hereby ORDERED that the plaintiff may attach to the value of

$ _____ , the following real estate of American General Life Insurance Company:

The real property known as 65-145 Furniture Row, Milford, Connecticut, also
described as follows:

All that certain piece or parcel of land, together with the buildings and
improvements located thereon, situated in the City of Milford, County of New
Haven and State of Connecticut, shown and designated as Lot No. 1 on that
certain map entitled, "Subdivision Map of property in Milford, CT prepared for
H. H. SMITH July 17, 1964 Scale: 1 in. = 100' " certified substantially correct
Harry Pidluski, R.L.S. No. 3528 Fuller & Co., Inc. Engineers Surveyors 1301
Wood Avenue, Bridgeport, Conn., which map is on file in the office of the
Milford Town Clerk as Map No. A8181, reference to which map is hereby made
for a more particular description, being the same premises as shown on a map

entitled, "Map of Survey of Property in Milford, CT." Prepared for: H.H - E.C. Smith Trust Scale 1" = 60' June 20, 1990."

BY THE COURT

_____

Date: _____

PJR NO. _____                    **SUPERIOR COURT**

**KEYSTONE AUTOMOTIVE**                    **NEW HAVEN HOUSING SESSION**
**INDUSTRIES, INC.**

**VS**

**AMERICAN GENERAL LIFE**
**INSURANCE COMPANY**                      **JUNE 2, 2009**

## SUMMONS

TO ANY PROPER OFFICER, BY AUTHORITY OF THE STATE OF
CONNECTICUT, you are hereby commanded to serve a true and attested copy of the attached
application for prejudgment remedy, the proposed unsigned writ, summons, complaint, the
proposed order of attachment, the affidavit and form JD-CV-53 on American General Life
Insurance Company in the manner prescribed by law on or before June 18, 2009.

Hereof, fail not, but due service and return make.

Dated at Bridgeport, Connecticut on June 2, 2009

Paul A. Sobel
Green and Gross, P. C.
Commissioner of the Superior Court

**SUMMONS - CIVIL**
JD-CV-1 Rev. 9-08
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

**See page 2 for instructions**

| | |
|---|---|
| ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500. | **TO:** Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint. |
| ☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more. | |
| ☐ "X" if claiming other relief in addition to or in lieu of money or damages. | |

| Address of court where writ and o her papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| 121 Elm Street, New Haven, CT 06510 | ( 203 ) 789-7937 | June / Month | 23 / Day | 2 009 / Year |

| ☐ Judicial District | ☐ G.A. | At *(Town in which writ is returnable)* (C.G S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☒ Housing Session | Number: | New Haven | Major: **C** | Minor: **90** |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Green and Gross, P.C., 1087 Broad Street, Bridgeport, CT 06604 | 405882 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 203 ) 335-5141 | |

| Number of Plaintiffs: **1** | Number of Defendants: **1** | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| **First Plaintiff** | Name: **Keystone Automotive Industries, Inc.**<br>Address: **120 N. LaSalle Street, Suite 3300, Chicago, IL 60602** | P-01 |
| **Additional Plaintiff** | Name:<br>Address: | P-02 |
| **First Defendant** | Name: **American General Life Insurance Company**<br>Address: **c/o Insurance Commissioner, State of Connecticut Insurance Department, 153 Market St., Hartford, CT 06103** | D-50 |
| **Additional Defendant** | Name:<br>Address: | D-51 |
| **Additional Defendant** | Name:<br>Address: | D-52 |
| **Additional Defendant** | Name:<br>Address: | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court | Name of Person Signing at Left | | Date signed |
|---|---|---|---|---|
| *[signature]* | ☐ Assistant Clerk | **Paul A. Sobel** | | 6/2/09 |

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | File Date |
| b. It is the respons bility of the Plaintiff(s) to see that service is made in the manner provided by law. | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | | Date |
|---|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250 | | |
|---|---|---|
| Patricia B. Kay, 1087 Broad Street, Bridgeport, CT 06604 | | |

| Signed *(Official taking recognizance; "X" proper box)* | ☒ Commissioner of the Superior Court | Date | Docket Number |
|---|---|---|---|
| *[signature]* | ☐ Assistant Clerk | 6/2/09 | |

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for the following actions:

(a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
(b) Summary process actions.
(c) Applications for change of name.

(d) Probate appeals.
(e) Administrative appeals.
(f) Proceedings pertaining to arbitration.
(g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

## Case Type Codes

| Major Description | Codes Major/ Minor | Minor Description |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemna ion |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Bar Discipline - Reinstatement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 82 | Housing Civil Matters |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 90 | All other |
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Drug Asset Forfeiture - C.G.S. 54-36h |
| | P 90 | All other |

| Major Description | Codes Major/ Minor | Minor Description |
|---|---|---|
| Torts (Other than Vehicular) | T 02 | Defec ive Premises - Private - Snow or Ice |
| | T 03 | Defec ive Premises - Private - O her |
| | T 11 | Defec ive Premises - Public - Snow or Ice |
| | T 12 | Defec ive Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

RETURN DATE:  JUNE 23, 2009           **SUPERIOR COURT**

**KEYSTONE AUTOMOTIVE**           **NEW HAVEN HOUSING SESSION**
**INDUSTRIES, INC.**

**VS**

**AMERICAN GENERAL LIFE**
**INSURANCE COMPANY**           **JUNE 2, 2009**

## COMPLAINT

1.  At all relevant times mentioned herein, the plaintiff, Keystone Automotive Industries, Inc., has been a tenant of the defendant, American General Life Insurance Company, under a written lease dated May 19, 2006.

2.  The leased premises is known as bays 9, 10 and 11 in a building having an address of 65-145 Furniture Row, Milford, Connecticut.

3.  As of the inception of the lease, the leased premises was an existing warehouse facility, and the plaintiff's use of the leased premises continues to be as a warehouse facility.

4.  The leased premises includes a multitude of loading docks and doors and high ceilings to accommodate tall storage racks.

5.  In its operation of unloading and loading trucks and moving goods throughout its facility, the plaintiff utilizes motorized forklifts and order pickers.

6.  Once the plaintiff began using the leased premises, the concrete floor began cracking under the weight of the plaintiff's forklift and order picking equipment.

7.  After the floor began cracking, the floor system, including the base underneath the concrete, was discovered to be defective and in need of repair or replacement.

8.   Under paragraph 8.01 of the lease, the defendant, as landlord, is responsible to maintain all structural components of the building in good repair, including the floor system, and is responsible to repair or replace the defective floor system at its cost and expense.

9.   Upon being notified that the floor was cracking, the defendant initially agreed with the plaintiff that the plaintiff would hire a contractor to repair what were believed to be isolated sections of flooring that were failing and the defendant would reimburse the plaintiff for the repair costs.

10.   As more and more areas of the floor began to fail, the defendant commissioned an engineering firm to determine the cause of the failures.

11.   Once the engineering firm commissioned by the defendant determined that a very large expanse of the floor system was defective and in need of replacement, the defendant refused to be responsible for further repair or replacement.

12.   After the defendant notified the plaintiff of its refusal, the plaintiff gave written notice to the defendant of default of its obligation to repair the floor by letter dated February 16, 2009, as provided under paragraph 13.05 of the lease.

13.   After the floor began cracking, the plaintiff notified the defendant that the failing condition of the floor and its failure to repair it were causing damage to the plaintiff's forklift and order picking equipment, yet the defendant continued to refuse to be responsible for repair or replacement of the floor.

14.   The plaintiff incurred damages as a result of the defendant's refusal and failure to repair the floor, including, without limitation:

(a) The cost of repair or replacement of the floor system;

- 2 -

(b) Damage to the plaintiff's forklift equipment; and/or

(c) Diminution in value of the plaintiff's leasehold interest.

15.   Paragraph 16.02 of the lease provides that the defendant is responsible for the plaintiff's costs of enforcement in this action, including reasonable attorney's fees.

The plaintiff

by _____

Paul A. Sobel
Green and Gross, P.C.

**RETURN DATE:  JUNE 23, 2009**          **SUPERIOR COURT**

**KEYSTONE AUTOMOTIVE**               **NEW HAVEN HOUSING SESSION**
**INDUSTRIES, INC.**

**VS**

**AMERICAN GENERAL LIFE**
**INSURANCE COMPANY**                   **JUNE 2, 2009**

## DEMAND FOR RELIEF

WHEREFORE, the plaintiff claims:

1.    Damages;

2.    Attorney's fees;

3.    Interest;

4.    Costs; and

5.    Such other legal or equitable relief as may be available.

The amount, legal interest or property in demand is in excess of $15,000, exclusive of

interest and costs.

The plaintiff

by
Paul A. Sobel
Green and Gross, P.C.

- 4 -

## SUBPOENA DUCES TECUM

American General Life Insurance Company
c/o Insurance Commissioner, State of Connecticut
153 Market Street
Hartford, CT  06103


     BY AUTHORITY OF THE STATE OF CONNECTICUT, You are hereby commanded to appear at the Superior Court, New Haven Housing Session, 121 Elm Street, New Haven, Connecticut on June 25, 2009 at 2:00 p.m., or to such day thereafter and within 60 days hereof on which the action is legally to be tried, to testify what you know in a certain Civil Action pending in the Court between

Keystone Automotive Industries, Inc., plaintiff,

and

American General Life Insurance Company, defendant.

     AND YOU ARE FURTHER COMMANDED to bring with you and produce at the same time and place, the following:

Your complete file or files including those of your predecessor by merger, All American Life Insurance Company, for the building known as 65-145 Furniture Row, Milford, Connecticut, which relate to the condition of, problems or deficiencies with, and/or repair of, the concrete flooring at the building, including, without limitation:

     (a) All files concerning any complaint by any tenant or any other party regarding the condition of the flooring;

     (b) All files concerning any complaint by and/or repair of any portion of the floor of space formerly occupied by a tenant know as Kopplemann or H. P. Kopplemann, Inc.;

     (c) All files concerning repair of any portion of the flooring;

     (d) All communications to or from Lexington Partners relating to the condition of, problems or deficiencies with, and/or repair of, the flooring;

     (e) All communications to or from Cornerstone Properties relating to the condition of, problems or deficiencies with, and/or repair of, the flooring;

     (f) All communications to or from any real estate broker with whom you or All American Life Insurance Company has had a listing for sale or lease of any portion of the building;

(g) All consultant's reports concerning the condition of the flooring; and

(h) All notes or reports concerning the existence of any defect in the flooring or base under it and/or any method of dealing with or correcting any such defect.

For the purposes of the above, "your file or files" means all correspondence, notes, memoranda, emails, invoices, photographs, repair proposals or quotations, documents, and any other material that is a part of your file or files.

**Hereof fail not, under penalty of the Law.**

To any proper officer or indifferent person to serve and return.

Dated at Bridgeport, Connecticut this 2nd day of June, 2009.

Paul A. Sobel
Commissioner of the Superior Court

# EXHIBIT "B"

CVNH-13693

| | |
|---|---|
| **KEYSTONE AUTOMOTIVE INDUSTRIES, INC.** | **SUPERIOR COURT** |
| Plaintiff, | **HOUSING SESSION** |
| - against - | **AT** |
| **AMERICAN GENERAL LIFE INSURANCE COMPANY** | **NEW HAVEN** |
| Defendant | **JUNE 23, 2009** |

## NOTIFICATION OF REMOVAL

On June 23, 2009, defendant American General Life Insurance Company ("AGLIC") filed in the office of the Clerk of the United States District Court for the District of Connecticut a Notice of Removal of the above-entitled action to the United States District Court for the District of Connecticut. A copy of that Notice of Removal is attached hereto.

This Notice is being filed with a clerk of the Connecticut Superior Court for the Housing Session at New Haven pursuant to 28 U.S.C. § 1446(d).

Dated:   June 23, 2009

Respectfully submitted,

By: _____
Pierre-Yves Kolakowski, Esq.
Zeichner Ellman & Krause LLP
35 Mason Street
Greenwich, Connecticut  06830
Tel: (203) 622-0900
Fax: (203) 862-9889
pkolakowski@zeklaw.com
Attorneys for AGLIC

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed first class, postage prepaid, on June 23, 2009, to the following parties.

Paul A. Sobel, Esq.
Green and Gross, P.C.
1087 Broad Street
Bridgeport, Connecticut 06604
*Attorneys for Plaintiff*

By: _____

    Pierre-Yves Kolakowski (CT 13318)
    Zeichner Ellman & Krause LLP
    35 Mason Street
    Greenwich, Connecticut  06830
    Tel: (203) 622-0900
    Fax: (203) 862-9889
    pkolakowski@zeklaw.com
    Attorneys for AGLIC